**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ISMAIL N. SAKAR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BITDEER TECHNOLOGIES GROUP, JIHAN WU, MATT LINGHUI KONG, and HARIS BASIT,<br><br>Defendants. | Case No.: 1:25-cv-10069-DEH<br><br>Hon. Dale E. Ho |

**MEMORANDUM OF LAW IN SUPPORT OF ISMAIL N. SAKAR'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

I.    FACTUAL BACKGROUND ........................................................................................ 2

II.   PROCEDURAL HISTORY ...................................................................................... 3

III.  ARGUMENT ............................................................................................................ 4

    A.    Appointing Plaintiff as Lead Plaintiff Is Appropriate ..................................... 4

        1.  Plaintiff Filed a Timely Motion ............................................................. 5

        2.  Plaintiff Has the Largest Financial Interest in the Relief Sought ............. 5

        3.  Plaintiff Satisfies the Relevant Requirements of Rule 23 ........................ 6

            a.  Plaintiff's Claims Are Typical ............................................... 7

            b.  Plaintiff Is An Adequate Representative ................................. 7

    B.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate ......................... 8

IV.   CONCLUSION ........................................................................................................ 9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
  324 F. Supp. 3d 335 (E.D.N.Y. 2018) ............................................................................. 5, 6

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
  269 F.R.D. 291 (S.D.N.Y. 2010) ........................................................................................ 7

*Ford v. VOXX Int'l Corp.,*
  No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015) .............. 6

*In re Cendant Corp.,*
  264 F.3d 201 (3d Cir. 2001) ............................................................................................... 8

*In re Gentiva Sec. Litig.,*
  281 F.R.D. 108 (E.D.N.Y. 2012) ........................................................................................ 6

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
  No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008) ................ 7

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.,*
  No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011) .................. 7

*Xiangdong Chen v. X Fin.,*
  No. 19-CV-6908-KAM-SJB, 2020 U.S. Dist. LEXIS 86292 (E.D.N.Y. May 13, 2020) ......... 5

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................................. *passim*

**Rules**

FED. R. CIV. P. 23 ................................................................................................... 1, 4, 5, 6, 7, 8

Ismail N. Sakar ("Plaintiff") respectfully submits this memorandum of law in support of his motion ("Motion") to appoint him as lead plaintiff and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of all investors who purchased or otherwise acquired Bitdeer Technologies Group ("Bitdeer" or the "Company") securities between June 6, 2024 and November 10, 2025, inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5), against Defendants Bitdeer, Jihan Wu ("Wu"), Matt Linghui Kong ("Kong"), and Haris Basit ("Basit") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Plaintiff believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Plaintiff satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Plaintiff's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in

securities class action litigation and the experience and resources to efficiently prosecute the Action.

## I.     FACTUAL BACKGROUND[1]

Bitdeer is a Bitcoin mining and high-performance computing (HPC) data-center infrastructure company with locations in Singapore, the United States, Bhutan, and Norway. ¶ 20. In addition to providing self-mining and hosting services, Bitdeer offers mining solutions under the SEALMINER brand. *Id.*

The statements in Paragraphs 21 to 41 of the *Sakar* Complaint were false and/or materially misleading. ¶ 42. Defendants created the false impression that they possessed reliable information pertaining to Bitdeer's enhanced focus on developing the fourth-generation SEALMINER A4 machine using its SEAL04 ASIC chip technology expected to have a chip energy efficiency of as low as 5J/TH that would help to increase revenue through self-mining and external sales in fiscal year 2025. *Id.* Defendants continually reiterated that the SEAL04 research and development remained on track to achieve chip efficiency for use in the A4 machine with mass production expected in the second quarter 2025. *Id.* In truth, there were issues with the SEAL04 chip design progress eventually causing R&D to delay production and take a "dual-track approach" and create two completely independent designs to ensure mass production of the SEAL04 chip. *Id.*

On November 10, 2025, Bitdeer announced third quarter 2025 financial results that revealed a net loss of $266.7 million but more notably that its second generation SEAL04 chip would be "significantly delayed." ¶ 43.

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Sakar* Complaint") filed in the action styled *Sakar v. Bitdeer Technologies Group, et. al.,* Case No. 1:25-cv-10069-DEH (the "*Sakar* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Sakar* Complaint. The facts set forth in the *Sakar* Complaint are incorporated herein by reference.

On November 10, 2025 Defendants held a corresponding earnings call where Chief Strategy Officer Basit discussed the completion of the tape out for the first SEAL04 design but gave no details as to why the next-generation SEAL04 was "significantly delayed." ¶ 44.

The aforementioned press releases and statements made by the Individual Defendants are in direct contrast to statements they made during the press releases and associated earnings calls held on November 18, 2024, February 25, 2025, May 15, 2025 and August 18, 2025. ¶ 45. During the earnings calls and related statements, Bitdeer's executives continually touted the Company's expected production of the SEALMINER A4 machine using its SEAL04 ASIC chip technology would help to increase revenue through self-mining and external sales in fiscal year 2025. *Id.* In truth, Defendants were aware of issues with the SEAL04 chip design progress eventually leading R&D to delay its development. *Id.*

Investors and analysts reacted immediately to Bitdeer's revelation. ¶ 46. The price of Bitdeer's stock declined from a closing market price of $17.65 per share on November 10, 2025 to $15.02 per share on November 11, 2025, a decline of more than 14%. *Id.*

## II.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Sakar* Action against the Defendants. Plaintiff commenced the first-filed action on December 4, 2025. On that same day, Levi & Korinsky, counsel acting on Plaintiff's behalf, published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Plaintiff's Motion ("Apton Decl.").

## III.    ARGUMENT

### A.    Appointing Plaintiff as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Plaintiff satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Plaintiff has, to the best of his knowledge, the largest financial interest in this litigation—having lost $16,083.00 as a result of his transactions

4

and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Apton Decl. In addition, Plaintiff is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Plaintiff respectfully submits that he should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.    Plaintiff Filed a Timely Motion.

On December 4, 2025, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Plaintiff published the Press Release on *Globe Newswire—*a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Bitdeer securities that they had 60 days from the publication of the December 4, 2025 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *Xiangdong Chen v. X Fin.*, No. 19-CV-6908-KAM-SJB, 2020 U.S. Dist. LEXIS 86292, at *6 (E.D.N.Y. May 13, 2020) (finding that a notice published on *Globe Newswire* satisfied Rule 23).

Plaintiff timely filed his motion within the 60-day period following publication of the December 4, 2025 Press Release and submitted herewith a sworn certification attaching his transactions in Bitdeer securities and attesting that he is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, Plaintiff satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2.    Plaintiff Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Plaintiff believes

that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Plaintiff acquired Bitdeer securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Plaintiff suffered an approximate loss of $16,083.00. *See* Apton Decl., Ex. B. Plaintiff is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Plaintiff believes that he has the "largest financial interest in the relief sought by the Class." Thus, Plaintiff satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3. Plaintiff Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead

6

plaintiff stage of the litigation, Plaintiff need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id*. at \*6.

### a.    Plaintiff's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at \*11-13 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Plaintiff's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Plaintiff alleges that Defendants' material misstatements and omissions concerning Bitdeer's business, operational and financial results violated the federal securities laws. Plaintiff, like all members of the Class, purchased or otherwise acquired Bitdeer securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at \*12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Plaintiff's interests and claims are "typical" of the interests and claims of the Class.

### b.    Plaintiff Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Plaintiff has demonstrated his adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources

and expertise to efficiently prosecute the Action, and Plaintiff's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of the Action. *See* Apton Decl., Ex. B. Plaintiff is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Plaintiff considers himself to be a sophisticated investor, having been investing in the stock market for approximately four years. He resides in Oslo, Norway and possesses a bachelor's degree in electronics engineering. Plaintiff is currently employed as a Senior Packet Core Engineer. Further, Plaintiff has experience overseeing attorneys, as he has hired attorneys for real estate matters. Therefore, Plaintiff will prosecute the Action vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Plaintiff's Declaration in support of his motion.

Accordingly, Plaintiff meets the adequacy requirement of Rule 23.

### B.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Plaintiff has selected Levi & Korsinsky to pursue this litigation on his behalf and has retained the firm as the Class' Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S.

8

Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp*. Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id*. In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court may rest assured that by granting Plaintiff's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Plaintiff as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

*[Signature on following page]*

9

Dated: February 2, 2026

Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Adam M. Apton*
Adam M. Apton (AS-8383)
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Ismail N. Sakar and*
*[Proposed] Lead Counsel for the Class*

10

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 2,713 words, which complies with the word limit of L.R. 7.1(c).

Executed on February 2, 2026.

/s/ Adam M. Apton
Adam M. Apton

11