UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISMAIL N. SAKAR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BITDEER TECHNOLOGIES GROUP, JIHAN WU, MATT LINGHUI KONG, and HARIS BASIT,<br><br>Defendants. | Case No.  1:25-cv-10069-DEH |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
LUCA PIOVESANA FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ..................................................................................................... 2

ARGUMENT........................................................................................................................ 4

I.      PIOVESANA SHOULD BE APPOINTED LEAD PLAINTIFF...................................... 4

      A.      Piovesana Is Willing to Serve as Class Representative ......................................... 5

      B.      Piovesana Has the "Largest Financial Interest"........................................................ 6

      C.      Piovesana Otherwise Satisfies the Requirements of Rule 23 ............................... 7

      D.      Piovesana Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ............................................................................ 10

II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED.......... 10

CONCLUSION.................................................................................................................... 12

CERTIFICATE OF WORD COUNT ..................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*,
No. 17-CV-10085 (VSB), 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) ...................................7

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
141 F.R.D. 229 (S.D.N.Y. 1992) ..................................................................................................8

*Chahal v. Credit Suisse Grp. AG*,
No. 18-CV-2268 (AT) (SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018)...........................6

*Dookeran v. Xunlei Ltd.*,
No. 18-cv-467 (RJS), 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) .......................................9

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) ................................................................................................9

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)........................................................................................................6

*In re Comverse Tech., Inc. Sec. Litig.*,
No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ........................6

*In re Drexel Burnham Lambert Grp., Inc.*,
960 F.2d 285 (2d Cir. 1992)........................................................................................................8

*In re Molson Coors Brewing Co. Sec. Litig.*,
233 F.R.D. 147 (D. Del. 2005) .................................................................................................10

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...........................................................................................6

*In re Orion Sec. Litig.*,
No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 7, 2008) .....................................8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) .................................................................................................8

*Janbay v. Canadian Solar, Inc.*,
272 F.R.D. 113 (S.D.N.Y. 2010) ...............................................................................................8

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) ..................................................................................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
  311 F.R.D. 373 (S.D.N.Y. 2015) ...................................................................................10

*Khunt v. Alibaba Grp. Holding Ltd.*,
  102 F. Supp. 3d 523 (S.D.N.Y. 2015)..............................................................................6

*Lax v. First Merchants Acceptance Corp.*,
  No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997).........................................6

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
  No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) .......................6

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
  229 F.R.D. 395 (S.D.N.Y. 2004) ....................................................................................6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)....................................................................10

## Statutes

15 U.S.C. § 78u-4 ........................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 ............................................... *passim*

Securities Exchange Act of 1934...............................................................................1, 6, 8

## Rules

Fed. R. Civ. P. 23 ............................................................................................... *passim*

iii

Luca Piovesana ("Piovesana") respectfully submits this memorandum of law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Piovesana as Lead Plaintiff on behalf of a class (the "Class") consisting of all investors who purchased or otherwise acquired Bitdeer Technologies Group ("Bitdeer" or the "Company") securities between June 6, 2024 and November 10, 2025, inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") and The Schall Law Firm ("SLF") as Co-Lead Counsel for the Class.

PRELIMINARY STATEMENT

The complaint ("Complaint") (Dkt. No. 1) in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. Bitdeer investors, including Piovesana, incurred significant losses following the disclosures of Defendants' alleged fraud, which caused Bitdeer's share price to fall sharply, damaging Piovesana and other Bitdeer investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the litigation and that satisfies the relevant requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, Piovesana: (1) purchased or otherwise acquired 27,206 shares of Bitdeer common stock; (2) purchased or otherwise acquired 27,206 net shares of Bitdeer common stock; (3) expended $451,540 in net funds on Bitdeer common stock; and (4) as a result of the disclosure of Defendants' alleged fraud, incurred losses of approximately $120,765. *See* Declaration of J. Alexander Hood II in Support of Motion ("Hood Decl."),

1

Exhibit ("Ex.") A.  Accordingly, Piovesana believes that he has the largest financial interest in the relief sought in this litigation.  Beyond his significant financial interest, Piovesana also meets the applicable requirements of Rule 23 because his claims are typical of those of absent Class members and he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Piovesana has selected Pomerantz and SLF as Co-Lead Counsel for the Class. These firms and their attorneys are highly experienced in the areas of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' respective resumes.

Accordingly, Piovesana respectfully requests that the Court enter an Order appointing Piovesana as Lead Plaintiff for the Class and approving his selection of Pomerantz and SLF as Co-Lead Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the Complaint in the Action, Bitdeer is a Bitcoin mining and high-performance computing data-center infrastructure company with locations in Singapore, the United States, Bhutan, and Norway.  In addition to providing self-mining and hosting services, Bitdeer offers mining solutions under the SEALMINER brand.

Defendants provided investors with material information concerning Bitdeer's research and technology roadmap for its SEALMINER Bitcoin mining machine.  Defendants' statements included, among other things, confidence in the Company's mass-production of its fourth-generation SEALMINER (A4) rigs using its SEAL04 ASIC (application-specific integrated circuit) chip technology expected to have a chip energy efficiency of as low as 5J/TH.

2

Defendants provided these positive statements to investors while, at the same time, disseminating false and materially misleading statements and/or concealing material adverse facts concerning the true state of Bitdeer's SEALMINER A4 project.  Specifically, Defendants created the false impression that they possessed reliable information pertaining to Bitdeer's enhanced focus on developing the fourth-generation SEALMINER A4 machine using its SEAL04 ASIC chip technology expected to have a chip energy efficiency of as low as 5J/TH that would help to increase revenue through self-mining and external sales in fiscal year 2025. Defendants continually reiterated that the SEAL04 research and development remained on track to achieve chip efficiency for use in the A4 machine with mass production expected in the second quarter 2025.  In truth, there were issues with the SEAL04 chip design progress eventually causing R&D to delay production and take a "dual-track approach" and create two completely independent designs to ensure mass production of the SEAL04 chip.

On November 10, 2025, Bitdeer announced third quarter 2025 financial results that revealed a net loss of $266.7 million but more notably that its second generation SEAL04 chip would be "significantly delayed."  Chief Business Officer, Defendant Matt Linghui Kong stated in pertinent part:

> In our ASIC business, as of the end of October, we achieved 41.2 EH/s, surpassing our 40 EH/s target that we set out at the beginning of the year.  Mass production of the SEALMINER A3 series is underway, and early SEAL04 samples have demonstrated 6-7 J/TH power efficiency at the chip level under low-voltage, ultrapower saving mode. ***We are targeting mass production to begin in Q1 2026.  Meanwhile, the development of our second-generation SEAL04 chip is significantly delayed***.

(Emphasis added).

Also on November 10, 2025, Defendants held a corresponding earnings call where Chief Strategy Officer Defendant Haris Basit ("Basit") discussed the completion of the tape out for the

3

first SEAL04 design but gave no details as to why the next-generation SEAL04 was "significantly delayed." In relevant part, Defendant Basit stated:

> Looking ahead, our focus shifts to our SEAL04 chip. To de-risk the development and ensure success, we are pursuing two distinct design approaches. The tape out for the first SEAL04 design was completed in September and latest sample verification demonstrated approximately 6-7 J/TH power efficiency at the chip level under low-voltage, ultra-power saving mode. We are targeting mass production to begin in Q1 2026. In the meanwhile, development of the next generation SEAL04 is significantly delayed.

Investors and analysts reacted immediately to the foregoing revelation. The price of Bitdeer's stock declined from a closing market price of $17.65 per share on November 10, 2025 to $15.02 per share on November 11, 2025, a decline of more than 14%.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Piovesana and other Class Members have suffered significant losses and damages.

ARGUMENT

## I. PIOVESANA SHOULD BE APPOINTED LEAD PLAINTIFF

Piovesana should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in this litigation to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90

4

days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Piovesana satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

A.    Piovesana Is Willing to Serve as Class Representative

On December 4, 2025, counsel for plaintiff in the Action caused the statutorily required Notice to be published via *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, announcing that a securities class action had been filed against Bitdeer and other defendants, and advising investors in Bitdeer securities that they had until February 2, 2026—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff. *See* Dkt. No. 6-1.

Piovesana has filed the instant motion pursuant to the Notice, and he has submitted a sworn Certification attesting that he is willing to serve as a representative for the Class and to

provide testimony at deposition and trial, if necessary.  *See* Hood Decl., Ex. B.  Accordingly, Piovesana satisfies the first requirement to serve as Lead Plaintiff of the Class.

      B.      Piovesana Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  To the best of his knowledge, Piovesana has the largest financial interest of any Bitdeer investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997).  In accord with other courts nationwide,[1] these so-called *Lax* factors have been adopted and routinely applied by courts in this District.  *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404–05 (S.D.N.Y. 2004).  Of the *Lax* factors, courts in this District generally emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See Nurlybaev*, 2017 WL 5256769, at *1; *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 530 (S.D.N.Y. 2015).

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6–8 (E.D.N.Y. Mar. 2, 2007).

During the Class Period, Piovesana: (1) purchased or otherwise acquired 27,206 shares of Bitdeer common stock; (2) purchased or otherwise acquired 27,206 net shares of Bitdeer common stock; (3) expended $451,540 in net funds on Bitdeer common stock; and (4) as a result of the disclosure of Defendants' alleged fraud, incurred losses of approximately $120,765.  *See* Hood Decl., Ex. A.  As such, Piovesana believes that he possesses the largest financial interest in the outcome of this litigation within the meaning of the PSLRA.   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

C.       Piovesana Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In determining whether a lead plaintiff movant satisfies Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23."  *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required.").  In addition, "[t]ypicality and adequacy of representation

7

are the only provisions [of Rule 23] relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998). Moreover, the Complaint in the Action sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including Piovesana.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 8, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

Piovesana's claims are typical of those of the Class. Piovesana alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Bitdeer, or by omitting to state material facts necessary to make the statements they did make not misleading. Piovesana, like other Class members, purchased Bitdeer securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove Bitdeer's share price downward. These shared claims, which are based on the same legal theory

8

and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

Piovesana is an adequate representative for the Class. As set forth in greater detail below, in Pomerantz and SLF, Piovesana has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz and SLF to the Court for approval as Co-Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). There is no evidence of antagonism or conflict between Piovesana's interests and those of the Class. Moreover, Piovesana has submitted a sworn Certification declaring his commitment to protecting the interests of the Class (*see* Hood Decl., Ex. B), and his significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class.

Further demonstrating his adequacy, Piovesana has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See id.*, Ex. C.

D.     Piovesana Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption favoring Piovesana's appointment as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)     will not fairly and adequately protect the interests of the class; or

(bb)     is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Piovesana's ability and desire to fairly and adequately represent the Class has been discussed above.  Piovesana is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, Piovesana should be appointed Lead Plaintiff for the Class.

II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See id.* § 78u-4(a)(3)(B)(v).  The Court should only interfere with a lead plaintiff's choice if necessary to "protect the interests of the class."  *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel.").

10

Here, Piovesana has selected Pomerantz and SLF as Co-Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Hood Decl., Ex. D. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As Lead Counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth-largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

SLF is also highly experienced in the areas of securities litigation and class actions, having served as co-lead or additional counsel in numerous successful securities class actions. *See id.*, Ex. E. SLF currently serves as co-lead counsel in *Naranyan v. Marex Group PLC*, No. 1:25-cv-08393-RA (S.D.N.Y.), *Kula v. Fastly, Inc.*, No. 4:24-cv-03170 (N.D. Cal.), and *Bergman v. Caribou Biosciences, Inc.*, No. 3:23-cv-01742 (N.D. Cal.), among other securities class action lawsuits. *See id.*

As a result of their extensive experience in litigation involving issues similar to those raised in the instant Action, Piovesana's counsel, Pomerantz and SLF, have the skill, knowledge,

expertise, and experience that will enable these firms to prosecute this Action effectively and expeditiously under Piovesana's direction.  Thus, the Court may be assured that by approving Piovesana's selection of Pomerantz and SLF as Co-Lead Counsel, the members of the Class will receive the best legal representation available.

CONCLUSION

For the foregoing reasons, Piovesana respectfully requests that the Court issue an Order: (1) appointing Piovesana as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz and SLF as Co-Lead Counsel for the Class.

Dated:  February 2, 2026

Respectfully submitted,

POMERANTZ LLP

*/s/ J. Alexander Hood II*
J. Alexander Hood II
Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
ahood@pomlaw.com
jalieberman@pomlaw.com

*Counsel for Luca Piovesana and Proposed
Co-Lead Counsel for the Class*

THE SCHALL LAW FIRM
Brian Schall
(*pro hac vice* application forthcoming)
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (310) 301-3335
brian@schallfirm.com

*Counsel for Luca Piovesana and Proposed
Co-Lead Counsel for the Class*

12

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Luca Piovesana, certifies that this brief contains 3,412 words, which complies with the word limit of Local Civil Rule 7.1(c).

Executed on February 2, 2026.

/s/ J. Alexander Hood II
J. Alexander Hood II

13